JEROME CLARK *v.* STATE OF INDIANA

[No. 3-975A206. Filed September 29, 1977. Rehearing denied November 9, 1977. Transfer denied January 16, 1978.]

*Thomas L. Ryan,* Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles W. Vincent,* Deputy Attorney General, for appellee.

GARRARD, J.—Appellant Clark was convicted of unlawful possession of heroin. The sole question on appeal is whether the court erred in refusing to suppress the heroin and the testimony relating to it. The heroin was contained in a brown vial which Clark dropped to the floor when he was told he was under arrest. Concededly, the evidence was admissible if the arrest was proper and inadmissible if it was not.

The underlying events disclose that Clark was scheduled to be arraigned on other charges before Judge Thieme in Allen Superior Court on the morning of November 22, 1974. When Clark failed to appear by the end of the scheduled arraignments

the judge ordered a bench warrant for his immediate arrest. (*See* IC 1971, 35-2.1-2-1 which authorizes immediate arrest of defendants in criminal cases where the court has previously acquired jurisdiction of the defendant's person and the defendant fails to appear at a proceeding in the case when he has been notified to do so.)

The judge entered the order on the docket sheet and gave it to Deputy Sheriff Gebert with instructions to take the docket sheet to the clerk's office, secure the issuance of the warrant and personally deliver the warrant to the sheriff's office for execution. Gebert went to the clerk's office and observed the secretary commence typing the warrant. He then went into the hallway. At this time another Allen County police officer, James Osbun, was standing in the hall. Gebert noticed appellant was also in the hallway at the moment speaking to Judge Thieme. Clark began walking towards Officer Gebert and as he did so Judge Thieme pointed to Clark. Gebert was joined by Osbun who then told Clark he was being placed under arrest pursuant to the bench warrant for his failure to appear. It was then that Clark attempted to abandon the vial. Because the state was unable to establish at the suppression hearing whether the warrant was completed before or after the arrest was made, Clark asserts the arrest was illegal and the evidence should have been suppressed. We disagree. The premise upon which Clark bases his argument is that if the warrant was not yet issued the officers lacked probable cause to believe Clark had committed a new felony. This argument ignores the basis for both the warrant and the arrest; viz. Clark's failure to appear for his scheduled arraignment. (Clark has not suggested either at trial or on appeal that the bench warrant was improperly issued.)

His failure to appear was the offense for which he was arrested. IC 1971, 35-2.1-2-1 authorizes such an arrest. We hold that upon the facts of this case, the officers had probable cause to arrest Clark. *Cf., Smith v. State* (1971), 256 Ind. 603, 271 N.E.2d 133.[1]

---

1. "The test ... is whether at the time of the arrest the facts and circumstances within the knowledge of the officers ... were sufficient to warrant a prudent man of reasonable caution in believing that the arrestee had committed or was committing an offense." 256 Ind. at 607, 271 N.E.2d at 136.

It follows that the evidence was not unlawfully seized and its suppression was properly denied.

Affirmed.

Staton, P.J. and Hoffman, J. concur.

NOTE—Reported at 367 N.E.2d 1117.